UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| RITA MANSHARAMANI, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:05-cv-41 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| MICHIGAN STATE UNIVERSITY ) | |
| BOARD OF TRUSTEES, et al., ) | **MEMORANDUM OPINION** |
| ) | |
| Defendants. ) | |
| ) | |

This is an employment discrimination action. Plaintiff is a former employee of Michigan State University ("MSU"). Plaintiff filed her *pro se* complaint on February 18, 2005. On March 14, 2005, MSU's Board of Trustees, MSU's Department of Forestry, and Chairman of MSU's Forestry Department, Dr. Daniel Keathley, filed a Rule 12(b)(6) motion to dismiss plaintiff's complaint. (docket # 5).

On April 8, 2005, Attorney Diane K. Davis-Waller filed her appearance on plaintiff's behalf. (docket # 12). Counsel requested, and the court granted, plaintiff an extension until May 16, 2005, within which to file a response. (docket # 17). On May 16, 2005, plaintiff's attorney filed a brief arguing that the *pro se* complaint alleged two claims: (1) a federal Title VII claim; and (2) a state-law claim under Michigan's Whistleblower Protection Act ("WPA"). (docket # 22). Buried on page 9 of plaintiff's brief was a request by plaintiff's attorney for additional time to "further elucidate" claims not addressed in plaintiff's brief. (docket # 22 at 9). The magistrate judge

indulgently gave plaintiff's attorney approximately six months to further "elucidate" plaintiff's claims. Plaintiff's attorney elected to rely upon the *pro se* complaint rather than filing an amended complaint and did not file any supplemental brief. On December 5, 2005, the magistrate judge issued a sixteen-page report and recommendation recommending that defendants' motion be granted and that plaintiff's complaint be dismissed. (docket # 31). The matter is now before the court for *de novo* review on plaintiff's objections to the report and recommendation. (docket # 33). For the reasons set forth herein, plaintiff's objections will be overruled, the report and recommendation as modified by this memorandum opinion will be adopted, and plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.

### Discussion

All plaintiff's objections are directed to the report and recommendation's analysis of her purported Title VII claims. Plaintiff has not addressed, much less presented, timely and specific objections to any other aspect of the report and recommendation. The court finds that all other objections are waived. *See United States v. Sullivan*, No. 03-6329, __ F.3d __, 2005 WL 3466534, at * 6 (6th Cir. Dec. 20, 2005); *see also Williams v. City of Southfield*, 99 F. App'x 44, 45 (6th Cir. 2004); *United States v. Prather*, 79 F. App'x 790, 791 (6th Cir. 2003). Assuming *arguendo* that waiver had not occurred, the court finds itself in complete agreement with the report and recommendation's analysis of all plaintiff's non-Title VII claims. Accordingly, the discussion in this memorandum opinion will be restricted to addressing plaintiff's objections regarding the magistrate judge's analysis of her purported Title VII claims.

As a preliminary matter, the court must address the impact, if any, of the documents plaintiff's attorney attached to plaintiff's objections. (docket # 33, attachments). These documents were not part of plaintiff's complaint, nor were they part of the record reviewed by the magistrate judge. It was obviously improper for plaintiff's attorney to sandbag and wait until after the report and recommendation had been issued to offer these documents in support of plaintiff's complaint. Plaintiff's attorney never filed a motion for leave to supplement the record. Plaintiff's attorney never filed an amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure, however, allows plaintiff to amend her complaint once as a matter of right. The court will indulgently treat the documents attached to the objections as a Rule 15(a) amendment. The documents are now considered part of an amended complaint pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

The magistrate judge found that plaintiff's complaint was not filed within the ninety-day period allowed by 42 U.S.C. § 2005e-5(f)(1). In coming to this conclusion, he relied on the allegation in plaintiff's complaint that she received the right-to-sue letter on November 18, 2004. (Complaint, ¶ 12). Plaintiff has now recanted. Plaintiff's affidavit states that she did not receive the right-to-sue letter until November 22, 2004. (docket # 33, Plf. Aff. ¶¶ 3-6). The affidavit supersedes the allegation appearing in paragraph 12 of the complaint. Plaintiff filed her complaint on February 18, 2005, 88 days after the date she now asserts for receipt of her right-to-sue letter. A Rule 12(b)(6) dismissal of plaintiff's Title VII claims for failure to file her complaint within 90-days of her receipt of the right-to-sue letter is no longer appropriate in light of plaintiff's recent amendment of her complaint. 42 U.S.C. § 2000e-5(f)(1). Plaintiff's Title VII claims will not be dismissed by the court for failure to comply with the 90-day limitations period.

One of the alternative grounds on which the magistrate judge recommended that plaintiff's Title VII claims against defendant MSU's Board of Trustees be dismissed was that the Board of Trustees was not plaintiff's employer. MSU's Board of Trustees is not listed as a named defendant in the caption of plaintiff's complaint.[1] There are no factual allegations anywhere in plaintiff's complaint against MSU's Board of Trustees.[2] A complaint that merely names a defendant in the case caption without alleging specific conduct by the defendant is subject to summary dismissal as frivolous.[3] *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *Robinson v. Ingham County Family Independence Agency*, No. 1:05-cv-436, 2005 WL 1907526, at * 5 (W.D. Mich. Aug. 10, 2005); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Ignoring these foundational defects, plaintiff's attorney argues that, "The Plaintiff is covered by a collective bargaining agreement between the 'Board of Trustees of Michigan State University' and the 'Michigan State University Administrative -Professional Association'." (Objections at 5, citing attached pages 12-13). Counsel states, "For purposes of this lawsuit, the employer cannot now escape its obligations because in one arena it is willing to operate under the title of Michigan State

---

[1] "Michigan State University" is listed as a defendant in the caption and the "Michigan State University-Department of Forestry" is identified as a defendant on page 2, ¶ 2. At the end of paragraph 2 plaintiff wrote, "Please refer to complaint for additional defendants."

[2] On the same day plaintiff filed her complaint, she also filed a brief in support of the complaint. (docket # 2). The United States is the only defendant listed in the brief's case caption. Michigan State University Board of Trustees appears on the face of her brief in the location where attorneys for the parties are generally listed in state practice. The only place any "board of trustees" is mentioned in the brief is on page 9, ¶ 30 where plaintiff states that the "Administrative Association Board of Trustees" did not submit a grievance by plaintiff to arbitration. This appears to be a statement of plaintiff's dissatisfaction with the representation provided by her union: the Michigan State University Administrative Professional Association.

[3] It is not apparent at this juncture why the Clerk issued a summons against the Michigan State University Board of Trustees.

University board of Trustees as an 'Employer' and in another it is not accepting that designation." (*Id.*). Plaintiff's argument simply misses the point. The key question is whether pages 12 and 13 attached to plaintiff's objections, now construed as an amendment to plaintiff's complaint, to allege that MSU's Board of Trustees was plaintiff's "employer" for Rule 12(b)(6) purposes. The court finds that the complaint, as amended, sufficiently alleges that MSU's Board of Trustees was plaintiff's employer and defendants' motion to dismiss will not be granted on that alternative ground.

Plaintiff asserts that there are "numerous" errors in the fact section of the report and recommendation (Objections at 2, docket # 33). Unfortunately, plaintiff's objections do not specify where the factual allegations now appearing in her objections appeared within her complaint. (docket # 1). In any event, the purported errors are inconsequential. For example, plaintiff claims that the report and recommendation's statement regarding plaintiff's initial date of employment is inaccurate by one month. The report and recommendation states that plaintiff began her employment at MSU as a secretary on June 7, 1997. (docket # 31 at 4). This directly corresponds with the allegation on page 9 of plaintiff's complaint[4] that she was hired on June 7, 1997. (docket # 1 at 9). Plaintiff's attorney states that plaintiff began he employment at MSU a month later on "July 7, 1997" (Objections at 2-3, ¶ 1), without the slightest suggestion of where that allegation can be found in plaintiff's complaint.[5] Plaintiff's affidavit is silent on this issue, and cannot be considered as

---

[4] Plaintiff did not number the first 7 pages of her complaint. The pages she labeled as 1 through 10 are actually pages 8 through 17. In order to avoid possible confusion as to the pages referenced herein, the court has disregarded plaintiff's inaccurate page numbering.

[5] Plaintiff stated on page 6, ¶ 11, of her brief (docket # 2) that she "began her employment with the Defendant organization on July 7, 1997 . . . ." Plaintiff's brief is not her complaint. It was certainly not error for the magistrate judge to evaluate plaintiff's complaint under Rule 12(b)(6) on the basis of the allegations found in plaintiff's complaint. (docket # 1).

amending the complaint. More importantly, the date plaintiff was hired for a different position at MSU in a different department is utterly inconsequential to her purported Title VII claims against defendants.

Plaintiff criticizes the report and recommendation for "failure to recognize that two complaints were filed [with the Department of Education], one of which also alleged discrimination by [plaintiff's] Union officials." (Objections at 4, ¶ 7). The union has never been a party to this lawsuit. There was no need for the report and recommendation to discuss claims that plaintiff believes she may have against individuals or entities that are not parties to this lawsuit.

One ground for dismissal discussed in the R&R remains dispositive. The court finds that plaintiff's Title VII claims are time barred. She did not file her administrative charge within 180 days after the alleged acts of employment discrimination alleged in her complaint. 42 U.S.C. § 2000e-5(e)(1). The report and recommendation discusses this issue at length (docket #31 at 12-13),[6] and applies the controlling Supreme Court and Sixth Circuit authority. *See Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980); *Amini v. Oberlin College*, 259 F.3d 493, 499 (6th Cir. 2001); *Janikowski v. Bendix Corp.*, 823 F.2d 945, 948 (6th Cir. 1987); *see also Page v. Metropolitan Sewer Dist. of Louisville & Jefferson County*, 84 F. App'x 583, 585 (6th Cir. 2003); *Almond v. ABB Indus. Sys., Inc.*, 56 F. App'x 672, 679-80 (6th Cir. 2003). In contrast, plaintiff's objections are founded on out-of-circuit authorities in non-Title VII cases. (Objections at 6, 7). Plaintiff relies on *Aiello*

---

[6] Plaintiff objects to the magistrate judge's statement that she filed her administrative charge with the EEOC on June 14, 2004. (docket # 31 at 9). Plaintiff argues that, "the Charge was filed with the [United States] Department of Education's Office of Civil Rights on June 16, 2004" and claims that it was referred to the EEOC the following month. (Objections at 3, ¶ 2). Plaintiff does not explain how the magistrate judge's error -- which afforded her a more favorable filing date by two days -- was in any way prejudicial.

*v. Providian Fin. Corp.*, 239 F.3d 876 (7th Cir. 2001), a Seventh Circuit decision affirming a decision of the Bankruptcy Court for the Northern District of Illinois holding that a Chapter 7 debtor could not recover for emotional injuries under 11 U.S.C. §362(h) for injuries purportedly stemming from a violation of the automatic stay.  Plaintiff also quotes an excerpt from *Pershing Park Villas Homeowners Ass'n v. Union Pac. Ins. Co.*, 219 F.3d 895, 903 (9th Cir. 2000), a Ninth Circuit decision applying California tort law on a claim that an insurance company "acted in bad faith when it withdrew its defense of insured real estate developers in a construction-defect suit by a homeowners' association, and refused to pay the resulting default judgment." 219 F.3d at 897.  Suffice it to say that the court does not find the authority cited by plaintiff to be controlling or persuasive.

## Conclusion

For the reasons set forth herein, plaintiff's objections will be overruled, the report and recommendation as modified by this memorandum opinion will be adopted as the court's opinion, and defendants' motion to dismiss will be granted.


Date:     January 11, 2006                      /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 CHIEF UNITED STATES DISTRICT  JUDGE